IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAMS PROPERTIES, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 20-0615-WS-B |
| ) | |
| **PARADISE OPERATIONS, LLC,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on Defendants' Motion to Tax Attorneys' Fees (doc. 22), with supporting memorandum and exhibits. On April 20, 2021, the undersigned entered an Order (doc. 25) directing plaintiff to file any response to the Motion by no later than May 4, 2021. Notwithstanding that deadline, plaintiff never responded to or otherwise filed anything in opposition to the Motion. Accordingly, the Motion to Tax Attorneys' Fees is deemed unopposed, and is now ripe to be taken under submission.

Plaintiff, Williams Properties, LLC, brought this action against Paradise Operations, LLC, and Justin W. Massey pursuant to a dispute that arose in the context of a residential real estate closing. In particular, Williams brought claims against Paradise and Massey on theories of breach of contract, breach of fiduciary duty, and negligence, predicated on allegations that Paradise and Massey had breached certain duties owed to Williams as its broker in connection with that transaction. On April 1, 2021, the Court entered an Order (doc. 19) and Judgment (doc. 20) granting defendants' Motion to Dismiss (doc. 14) and dismissing this action with prejudice pursuant to Rule 12(b)(6), Fed.R.Civ.P. Williams timely filed a Notice of Appeal (doc. 21) and is now pursuing an appeal of the April 1 dismissal with the Eleventh Circuit Court of Appeals. In the meantime, however, defendants have moved in this District Court for an award of attorney's fees as a matter of contract.

The relevant agreement is the Listing Agreement for Residential Property entered into between Williams (as Seller) and Paradise/Massey (as Broker) on or about September 13, 2018.

(Doc. 11, Exh. A.)  Williams' claims against Paradise and Massey were predicated in part on allegations that defendants had breached their contractual obligations to Williams under the Listing Agreement.  Significantly, Paragraph 18 of the Listing Agreement is a provision for award of attorneys' fees and costs of litigation, as follows:

> "**ATTORNEY FEES / COSTS OF LITIGATION:** If … Broker defends any action brought against Broker by Seller relating to this Agreement or under any sales agreement relating to the Property, and Broker prevails, Seller agrees to pay all costs incurred by Broker in connection with such action, including reasonable attorney fees and court costs."

(Doc. 11, ¶ 18, PageID.98.)  Here, there can be no question that (1) this was an action brought against the Broker (*i.e.*, Paradise / Massey) by the Seller (*i.e.*, Williams) relating to the Listing Agreement; and (2) Broker prevailed in this action.  As such, by its plain terms, the fee-shifting provision found at Paragraph 18 of the Listing Agreement is triggered and is properly enforced by defendants via their Motion to Tax Attorneys' Fees.  Moreover, as a general proposition, such contractual fee-shifting provisions are enforceable under applicable law.  *See, e.g., Jones v. Regions Bank*, 25 So.3d 427, 441 (Ala. 2009) ("Alabama follows the American rule, whereby attorney fees may be recovered if they're provided for by statute or by contract ….") (citations omitted); *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) ("Generally, in federal litigation, … a prevailing litigant may not collect an attorney's fee from his opponent unless authorized by either a federal statute or an enforceable contract between the parties.").  The Court is aware of no reason, and plaintiff has identified none, why the fee-shifting provision found at Paragraph 18 of the Listing Agreement should not be enforceable and applicable here.

The remaining question is whether the attorney's fee award sought by defendants is "reasonable," as required by the express language of that fee-shifting provision.  It is well-settled that "[t]he determination of whether an attorney fee is reasonable is within the sound discretion of the trial court."  *Kiker v. Probate Court of Mobile County*, 67 So.3d 865, 867 (Ala. 2010) (citations omitted).  As a general proposition, "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate …. The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve."  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted).  "The court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety

of factors …." *Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).

The Court has carefully reviewed defendants' evidentiary submission as to both the reasonableness of the hours expended and the reasonableness of the hourly rates charged by defendants' timekeepers. Based on that submission, as well as its independent evaluation of the quantity and quality of legal work reasonably performed in this case as evidenced by the court file in its entirety, the Court finds that defendants have properly calculated the lodestar amount at $15,537.50. The Court further finds that no adjustments to the lodestar are appropriate in this case under the circumstances presented here. Once again, it bears noting that despite a full and fair opportunity to do so, plaintiff has neither challenged the reasonableness of defendants' quoted rates and hours nor advocated for any adjustment of the lodestar.

For all of the foregoing reasons, Defendants' Motion to Tax Attorneys' Fees (doc. 22) is **GRANTED**. Defendants are awarded reasonable attorney's fees in the amount of **$15,537.50**. An Amended Judgment will be entered to that effect.

DONE and ORDERED this 20th day of May, 2021.

                                       s/ WILLIAM H. STEELE
                                       UNITED STATES DISTRICT JUDGE